■ In the Matter of JAMES W., an Infant. NEW YORK FOUNDLING HOSPITAL, Respondent; SALLYE W., Appellant.—Order, Family Court, New York County (Mara Thorpe, J.), entered on or about January 25, 1988, which terminated appellant's parental rights on the ground of mental illness and transferred the custody of the child to the Commissioner of Social Services of the City of New York and New York Foundling Hospital, unanimously reversed, on the law, without costs or disbursements, and the matter remanded for further proceedings.

At the fact-finding hearing Dr. Marcia Werchol, a psychiatrist with the Family Court Mental Health Services, testified, without having examined the mother, who had not been

available for the three scheduled appointments because she was hospitalized, that the appellant mother was schizophrenic. She also expressed the opinion that the mother was presently unable to care for the child and would not be able to do so in the foreseeable future. The doctor's opinion was based solely on her review of the mother's medical records. The court found, on the basis of Dr. Werchol's testimony and its review of the various medical reports, that the mother suffered from a mental illness as defined in Social Services Law § 384-b (6).

Where termination of parental rights is based upon the alleged mental illness of a parent, Social Services Law § 384-b (6) (e) requires an examination of the parent by a psychiatrist. The statute also expressly provides that the psychiatrist may not testify without an examination unless the parent refuses to submit to the examination or "renders himself unavailable * * * by departing from the state or by concealing himself therein". Since the statutory mandate is clear and nothing in the record indicates that the mother refused to submit to the examination or rendered herself unavailable, the finding of mental illness cannot stand and the case must be remanded.

We also believe that it was improper for the court to proceed with the fact-finding and dispositional hearings without the mother's presence, even though her attorney and guardian ad litem had no objection. The mother was apparently hospitalized at the time. In the circumstances, further inquiry and investigation as to the mother's future availability was required before the court undertook to proceed in her absence. Accordingly, we reverse and remand for further proceedings. Concur—Murphy, P. J., Sullivan, Kassal, Wallach and Smith, JJ.