■ In the Matter of OMAR B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DIANE S., Appellant.— In five consolidated proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother of the subject children, the mother appeals (1) from a dispositional order of the Family Court, Suffolk County (Doyle, J.), dated September 18, 1987, which, after a fact-finding hearing, terminated her parental rights on the ground that she is now and for the foreseeable future will be unable by reason of mental illness to provide proper and adequate care for her children, and (2) by permission, from so much of an order of the same court, dated January 20, 1988, as denied her motion for a new trial.

Ordered that the order dated September 18, 1987, is affirmed, and the order dated January 20, 1988, is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Family Court's findings that clear and convincing evidence was presented establishing that the appellant was, by reason of mental illness, unable to provide proper and adequate care for her children at the time of the hearing, and that she would be unable to do so for the foreseeable future *(see,* Social Services Law § 384-b [4] [c]). The court-appointed psychiatrist examined the appellant several weeks before the hearing and reviewed medical records from four separate facilities indicating that the appellant had received treatment for a condition diagnosed as chronic schizophrenia. Based on the examination and his review of the medical records, the psychiatrist testified unequivocally that the appellant was suffering from "residual schizophrenia", a mental illness, which, in his expert opinion, prevented her both presently and for the foreseeable future, from adequately caring for her five children *(see, Matter of Hime Y.,* 52 NY2d 242; *Matter of Nelson C.,* 150 AD2d 683). The Family Court did not err in permitting the court-appointed psychiatrist to express his opinion based in part on medical records that were not admitted into evidence at the hearing, but were clearly the kind of materials accepted in the profession as reliable in forming an opinion *(cf., People v Stone,* 35 NY2d 69; *see also,* Carrieri, Practice Commentary, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 140).

We also conclude that the Family Court properly denied,

without a hearing, the appellant's motion for a new trial which was based on a claim that she did not receive effective assistance of counsel. Upon our review of the record, we find that the appellant's assigned attorney provided her with meaningful and constitutionally adequate legal representation (see, Matter of Erin G., 139 AD2d 737, 739; People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.