■ In the Matter of JAMIE YY., Alleged to be the Child of a Mentally Ill Parent. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THERESA ZZ., Appellant.—Mikoll, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 16, 1990, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Jamie YY. as the child of a mentally ill parent, and terminated respondent's parental rights.

The primary question presented on this appeal is whether the order of Family Court finding that respondent is a mentally ill parent presently and for the foreseeable future, incapable of adequately caring for her child and freeing said child for adoption, is supported by clear and convincing evidence.

The operative facts are as follows. In May 1984, petitioner commenced the first of three neglect proceedings involving respondent's son, who was born in December 1980. In each of the three proceedings, the child was adjudged to be neglected and placed in petitioner's custody. In between proceedings and up until the present, the child has been in foster care or respondent's care depending on respondent's psychological condition.

On March 10, 1988 the child, then residing with respondent but in the custody of petitioner, went to a neighbor's apartment complaining of a cut finger as respondent was asleep and he could not awaken her. A police officer accompanying the child home found respondent asleep, dirty and apparently emotionally out of control. The next day petitioner removed the child from respondent's home and he has not resided there since.

The instant proceeding was then instituted pursuant to

Social Services Law § 384-b alleging that respondent was mentally ill. Subsequently, a hearing was held and five witnesses testified on behalf of petitioner, the first being a psychiatrist appointed by Family Court to examine respondent and the other four being caseworkers who supervised visits between the child and respondent. Respondent testified on her own behalf. Additionally, extensive documentary evidence of respondent's psychiatric history was presented. In its decision, Family Court ruled adversely to respondent and also noted that there was then pending a petition under Social Services Law § 384-b against the child's father alleging abandonment. This appeal ensued.

The record amply supports the finding of Family Court that clear and convincing evidence demonstrated that respondent was mentally ill as defined by Social Services Law § 384-b. Respondent is presently and for the foreseeable future unable to care for the child because she is afflicted "with a mental disease or mental condition which is manifested by a disorder and disturbance in behavior, feelings, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act" (Social Services Law § 384-b [6] [a]; *see, Matter of Joyce T.*, 65 NY2d 39, 44-45; *Matter of Karen Y. [Hiram Y.]*, 156 AD2d 823, 824, *lv denied* 75 NY2d 710). Respondent's argument that the expert psychiatrist's testimony was insufficient because it was equivocal is not persuasive. The psychiatrist concluded that because of respondent's extremely poor reaction to treatment, refusal to take her medication as instructed and refusal to admit that she was ill, it was very unlikely she would recover from her mental illness and be able to care for the child. This testimony provided sufficient evidence that respondent was then and is for the foreseeable future unable to care for the child to satisfy the clear and convincing evidence test *(see, Matter of Vera T.*, 80 AD2d 511, *affd* 55 NY2d 1028).

Respondent's contention that petitioner has not shown legally sufficient attempts to improve respondent's condition or to foster the parent-child relationship is also rejected. "Diligent efforts" to foster the parent-child relationship are not required before a child may be freed for adoption from a mentally ill parent found presently and for the foreseeable future unable to provide proper care for a child *(Matter of Karen Y. [Hiram Y.], supra,* at 824; *Matter of Rosemary ZZ. [John A.],* 154 AD2d 734, 735, *lv denied* 75 NY2d 702; *see,* Social Services Law § 384-b [4] [c]; [6]).

Casey, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.