■ In the Matter of JASON N., Alleged to be a Juvenile Delinquent, Appellant. LAWRENCE C. CONNERS, as Assistant Rensselaer County Attorney, Respondent.—Crew III, J. Appeal from an order of the Family Court of Rensselaer County (Spain, J.), entered January 3, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

In the early morning hours of September 5, 1990, Police

Officer Richard Schoonmaker observed respondent and another young adult male on the corner of Rensselaer and Ninth Streets in the City of Troy, Rensselaer County. When the two youths saw Schoonmaker's patrol car they ran in opposite directions. Schoonmaker followed respondent because he observed a white packet in his hand. As he followed respondent he saw him throw the white packet down the steps of a basement apartment. Schoonmaker retrieved the packet, which contained what appeared to be cocaine, and arrested respondent. Schoonmaker took respondent to police headquarters and field tested the powder, which tested positive for cocaine. Respondent's mother was notified of the arrest and came to police headquarters where she was advised of the charges against respondent.

A petition was thereafter filed in Family Court charging respondent with having committed criminal possession of a controlled substance in the third and fifth degrees and loitering in the first degree, which if committed by an adult would constitute criminal conduct. Respondent denied the charges contained in the petition. After a fact-finding hearing it was determined that respondent committed acts which if done by an adult would constitute the crimes of criminal possession of a controlled substance in the third degree and loitering in the first degree, and he was adjudicated a juvenile delinquent. Respondent now appeals.

Respondent contends that an oral statement made by him and received into evidence at the hearing should have been excluded because petitioner did not disclose it before the hearing as required by Family Court Act § 331.2 (2) (a). Respondent further contends that the statement should have been excluded because his mother was not advised of his *Miranda* rights as required by Family Court Act § 305.2 (7). Initially, we note that counsel for respondent made no objection as to the lack of notice of intent to offer a statement nor as to the receipt of the statement in evidence at the fact-finding hearing. It is axiomatic that the failure to timely object waives review of such issues on appeal *(see, People v Udzinski,* 146 AD2d 245, *lv denied* 74 NY2d 853; *People v Sinatra,* 134 AD2d 738, 739, *lv denied* 70 NY2d 1011). Nevertheless, were the claimed errors properly preserved by objection, we would find them to be without merit. The record reflects that the admissions were made by respondent to his mother during a conversation between the two of them. It is clear that under such circumstances the statement was not subject to suppression and notice of the intent to offer such

evidence was not required *(see, People v Stewart,* 160 AD2d 966).* In any event, assuming the statement to be inadmissible, we would find that the admission thereof was harmless error beyond a reasonable doubt because there was overwhelming evidence of respondent's guilt absent the statement *(see, People v Hamlin,* 71 NY2d 750).

Respondent's remaining contention is that Family Court erred in denying his motion for a continuance to subpoena a witness. Schoonmaker testified at the fact-finding hearing that Juanita Lewis, the owner of the building where respondent threw the packet of cocaine, told him when he arrested respondent that respondent had been visiting her and she accused Schoonmaker of harassing him. Based upon that revelation, respondent's attorney requested a continuance so that he could subpoena Lewis to testify on respondent's behalf. Family Court denied the motion on the ground that there was no basis to believe that Lewis was a witness to the criminal transaction and could offer evidence in that regard. It is clear from the record, as respondent's attorney conceded at the hearing, that respondent knew that Lewis was present at the time of the arrest and had disclosed that fact to the attorney but refused to disclose her name. There is, however, nothing in the record to indicate that Lewis witnessed any of the acts for which respondent was arrested. The decision to grant a continuance is within Family Court's discretion and we cannot say, based upon this record, that Family Court abused its discretion *(see, Matter of Freire,* 121 AD2d 285).

Casey, J. P., Weiss, Levine and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.