■ In the Matter of DONALD LL. and Another, Alleged to be Children of a Mentally Ill Parent. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUDY MM., Appellant. —Crew III, J. Appeal from an order of the Family Court of

Broome County (Kepner, Jr., J.), entered November 22, 1991, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be children of a mentally ill parent, and terminated respondent's parental rights.

Petitioner initially commenced a neglect proceeding against respondent in 1988 and, following respondent's admission of certain allegations in the petition, Family Court adjudicated respondent's children, Donald and Heather, to be neglected and placed them in petitioner's custody for a period of 12 months. Family Court also issued an order of protection prohibiting respondent from, *inter alia,* harassing one of petitioner's caseworkers. Prior to the conclusion of the neglect proceeding, Family Court issued an order committing respondent to Binghamton Psychiatric Center for a psychiatric examination. Respondent's commitment was extended in December 1988 due to her refusal to cooperate in the testing. Thereafter, in June 1989, Family Court found that respondent had violated the order of protection and sentenced respondent to 90 days in jail.

In January 1990, Family Court ordered petitioner to show cause why it had failed to comply with a prior order directing petitioner to initiate proceedings to free respondent's children for adoption. Petitioner thereafter commenced this proceeding pursuant to Social Services Law § 384-b seeking to terminate respondent's parental rights on the ground that respondent was then, and for the foreseeable future would be, unable to care for her children due to her mental illness. In the interim, numerous extensions of placement were granted and petitioner subsequently served an amended petition.

At the conclusion of the fact-finding hearing that followed, Family Court granted the petition, finding that the allegations contained therein were supported by clear and convincing evidence. Family Court thereafter issued an order transferring custody and guardianship of respondent's children to petitioner and freeing the children for adoption. Respondent's request for a stay of this order pending the instant appeal was denied by a Justice of this Court.

In order to terminate parental rights on the ground of mental illness, the petitioning agency must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her child by reason of the

respondent's mental illness *(see,* Social Services Law § 384-b [4] [c]; *Matter of Norma Jean H.,* 179 AD2d 759, *lv denied* 79 NY2d 758; *Matter of Jamie YY.,* 176 AD2d 1004, 1005; *Matter of Demetrius F.,* 176 AD2d 940; *Matter of Omar B.,* 175 AD2d 834). In accordance with Social Services Law § 384-b (7) (c), the legal sufficiency of the proof in such a proceeding shall not be determined until the court has received testimony from, among others, a psychiatrist. In the event that the parent refuses to submit to a court-ordered psychiatric examination or "renders himself unavailable therefor", the court-appointed psychiatrist may testify upon the basis of other available information, including hospital or clinical records, without actually conducting an examination of the parent, provided that the information relied upon affords a reasonable basis for the psychiatrist's opinion (Social Services Law § 384-b [6] [e]; *cf., Matter of James W.,* 155 AD2d 381, 382).

Here, respondent does not challenge Family Court's finding that she deliberately made herself unavailable for a psychiatric examination or the court's subsequent decision to allow the psychiatrist to testify based upon a review of respondent's hospital and clinical records. Instead, respondent contends that the opinion rendered by the court-appointed psychiatrist is suspect due to alleged inaccuracies in respondent's medical records and the psychiatrist's purported failure to consider respondent's employment history. We cannot agree. Initially, we note that the records regarding respondent's respective admissions to St. Lawrence Psychiatric Center, Binghamton Psychiatric Center, Mercy Hospital and the House of the Good Samaritan were received into evidence without objection and, as such, respondent has failed to preserve her claim that the records contain erroneous information *(see generally, Matter of Dixie Lu EE.,* 142 AD2d 747, 747-748). Each of the respective records was duly certified and, in accordance with CPLR 4518 (c) and 2306 (a), constitute prima facie evidence of the facts contained therein *(see, Maxcy v County of Putnam,* 178 AD2d 729, 730, *lv dismissed* 80 NY2d 826; *LaDuke v State Farm Ins. Co.,* 158 AD2d 137, 138). Moreover, were we to address respondent's challenge in this regard, we would conclude that her assertions are either unsubstantiated or lacking in merit. We reach a similar conclusion regarding respondent's claim that the psychiatrist's diagnosis is inconsistent with her employment history.

To the extent that respondent contends that Family Court's findings were not supported by clear and convincing evidence, we note that the court-appointed psychiatrist plainly and

unequivocally stated that respondent suffered from a border-line personality disorder and schizophrenia, paranoid type, and that both of these illnesses would affect respondent's ability to care for herself and her children. The psychiatrist further opined that respondent was then, and for the foreseeable future would be, unable to care for the children and that the children were liable to be neglected if they were placed in respondent's custody. Additionally, the record reveals that respondent has consistently resisted treatment and is apparently unable or unwilling to acknowledge that she is mentally ill. This testimony and the accompanying hospital records plainly demonstrate that Family Court's findings were supported by clear and convincing evidence *(see, Matter of Jamie YY.,* 176 AD2d 1004, *supra; Matter of Omar B.,* 175 AD2d 834, *supra),* and the mere possibility that respondent could, with proper treatment, improve at some point in the future is insufficient to vitiate Family Court's findings *(see, Matter of Demetrius F.,* 176 AD2d 940, 941, *supra; Matter of Vaketa Y.,* 141 AD2d 892, 893).

Finally, regarding respondent's claim that petitioner made little effort to maintain the family setting, this Court has repeatedly held that "[i]n a termination case based upon mental incapacity, no proof is required of a child care agency's diligent efforts to encourage and strengthen the parental relationship" *(Matter of Karen Y.,* 156 AD2d 823, 824, *lv denied* 75 NY2d 710; *see, Matter of Jamie YY.,* 176 AD2d 1004, 1005, *supra; Matter of Rosemary ZZ.,* 154 AD2d 734, 735, *lv denied* 75 NY2d 702; *Matter of Jammie CC.,* 149 AD2d 822). Moreover, we note that the record indicates that petitioner did attempt to assist respondent in obtaining counseling and scheduling visits with respondent's children, and that petitioner's efforts in this regard were thwarted to a significant degree by respondent's refusal to cooperate.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.