■ In the Matter of JENNIFER HH. et al., Alleged to be the Children of a Mentally Ill Parent. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; WARREN HH., Respondent. [597 NYS2d 515] —Levine J. Appeal from an order of the Family Court of Broome County (Thomas, J.), entered April 2, 1992, which dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to, *inter alia,* terminate respondent's parental rights.

Respondent has a long history as a diagnosed chronic, undifferentiated schizophrenic and he has been residing full time in an "Adult Rest Home" for the past few years receiving psychiatric treatment and medication. Respondent has two children, Jennifer (born in 1983) and Christopher (born in 1985). The children have been in the continuous care and custody of petitioner since approximately February 1987, when petitioner commenced a neglect proceeding against respondent and the children's mother. The petition was filed primarily because the children's mother, who also has a history of mental illness and is an alcoholic, tried to commit suicide by setting a fire in the kitchen of her apartment while the children were in the next room. The children's mother admitted the allegations in the petition. Charges were dismissed against respondent as a result of his agreement to

execute a voluntary transfer of custody of the children to petitioner. The children were then placed in a foster home and, approximately every two months thereafter, a caseworker would take the children to see respondent for a two-hour visit.

This situation continued until November 6, 1990 when petitioner filed a petition seeking termination of respondent's parental rights based on mental illness (see, Social Services Law § 384-b [4] [c]). In accordance with Social Services Law § 384-b (6) (c), an order directing that respondent undergo a psychiatric examination for purposes of this proceeding was made and a psychiatric report dated February 5, 1992 was then filed by Ivan Fras, a board-certified psychiatrist. Thereafter, a hearing in the matter was held on February 20, 1992, at which the only witnesses were the childrens' foster mother, their caseworker and Fras. Following the conclusion of Fras' testimony, respondent's attorney moved to dismiss the proceeding on the basis that petitioner failed to meet its burden of proof. Petitioner requested an adjournment to have a second psychiatric evaluation done. Family Court granted respondent's motion and implicitly denied petitioner's request for an adjournment by dismissing the petition. Petitioner now appeals, arguing that Family Court improperly dismissed the petition and/or abused its discretion in denying petitioner's request for a continuance.

We affirm. In our view, Family Court correctly determined that petitioner had not met its burden of proof. The required quantum of proof to terminate parental rights on the ground of mental illness is that petitioner "must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her child by reason of the respondent's mental illness" (Matter of Donald LL., 188 AD2d 899, 900-901; see, Social Services Law § 384-b [4] [c]). Unquestionably, psychiatric proof is crucial in making such a determination and Social Services Law § 384-b (6) (c) specifically states that the legal sufficiency of the proof in a proceeding such as this one shall not be determined until such testimony is taken (see, Matter of Donald LL., supra).

In this case, although petitioner correctly points out that during his direct testimony Fras did indicate his agreement that respondent can presently be considered to be suffering from chronic, undifferentiated schizophrenia, and was presently and for the foreseeable future incapable of caring for his children full time, he then completely undermined the compe-

tency of such an opinion by admitting upon questioning that the 30- to 40-minute interview he had with respondent was completely unsuited for making a determination as to whether respondent could ever care for his children in the future. Specifically, Fras stated: "I shouldn't have done this examination the way I did it. In order to answer that question, you would have had to have me spend several days working on this patient alone in order to come to an answer. Whether that's feasible I do not know. I would have to read the entire stack of records * * *. I would have to do an enormous amount of work to undergo the risk of saying let us return these children to [respondent]." Fras went on to indicate that it was his assumption that he was only to examine respondent for the purpose of determining whether it was appropriate for respondent to continue visiting with his children every two months. Given these admissions combined with some optimistic statements from Fras indicating that respondent's treatment was going very well and that he was in remission, we cannot disagree with Family Court's conclusion that the statutory standard of clear and convincing evidence had not been met regarding respondent's future inability to care for his children (see, Matter of Hime Y., 52 NY2d 242, 249). Accordingly, we find no error in Family Court's dismissal of the petition.

We are similarly unpersuaded by petitioner's alternative position that Family Court abused its considerable discretion in denying petitioner's request for a continuance to obtain a second psychiatric opinion. While it is true that Fras was a court-appointed expert, petitioner presumably had sufficient time to review Fras' written report which was rendered some two weeks prior to the hearing. Significantly, Fras' brief report does not discuss in any respect respondent's potential capacity to care for his children in the future and mentions only respondent's present mental state and the desirability of continuing supervised visitation with his children. Nonetheless, petitioner did not ask for a continuance prior to the hearing to ask Fras to conduct a more intensive examination or seek an evaluation by another expert. Instead, petitioner chose to proceed without knowing whether Fras felt confident in expressing a firm opinion as to respondent's future incompetence. Consequently, we conclude that no abuse of discretion has been presented (see, Matter of Jason N., 178 AD2d 793, 795).

Weiss, P. J., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.