■ In the Matter of ILIANA C. and Others, Infants. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LUZ CARABALLO, Respondent. [614 NYS2d 448] —In consolidated proceedings pursuant to Social Services Law § 384-b for guardianship of certain minor children, the Dutchess County Department of Social Services appeals from an order of the Family Court, Dutchess County (Pagones, J.), dated December 9, 1993, which dismissed the petitions.

Ordered that the order is reversed, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

The Dutchess County Department of Social Services (hereinafter the DSS), alleging that the respondent is mentally retarded as that condition is defined in Social Services Law § 384-b, petitioned for custody of five of her minor children.

Taking the allegations in the petitions to be true and giving the DSS every favorable inference and implication to be derived therefrom, the petitions were sufficient to state causes of action pursuant to Social Services Law § 384-b (see, Morone v Morone, 50 NY2d 481; Licensing Dev. Group v Freedman, 184 AD2d 682; Components Direct v European Am. Bank & Trust Co., 175 AD2d 227).

Moreover, the DSS is not collaterally estopped from litigating the issue of the respondent's alleged mental retardation. Although the respondent was subjected to a psychological examination in the context of an earlier proceeding pursuant to Family Court Act article 10 in which the children were adjudged neglected, it is not clear whether that proceeding or the psychiatric examination it entailed addressed the respondent's alleged retardation. Even assuming, arguendo, that the respondent's mental state was placed in issue in that prior proceeding, the question of whether or not she was mentally retarded as that condition is defined in Social Services Law § 384-b (6) (b) was not actually litigated therein (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659; Matter of Hee K. Choi v State of New York, 74 NY2d 933; Matter of Halyalker v Board of Regents, 72 NY2d 261; Kaufman v Lilly

& Co., 65 NY2d 449; *Seaman v Fichet-Bauche N. Am.*, 176 AD2d 793). This is so, *inter alia,* because under Social Services Law § 384-b (6) (e), a determination as to a parent's incapacity by reason of mental retardation can only be established by legally sufficient evidence after the court has heard *testimony* from a psychiatric expert who has examined the parent *(see, Matter of Jennifer HH.,* 193 AD2d 850; *Matter of Donald LL.,* 188 AD2d 899, 900-901). The only expert evidence regarding the mother's mental condition in the instant record is an unsworn typewritten report from a psychologist, diagnosing her "overall intellectual functioning" as "borderline", and noting "the possibility of an organic brain dysfunction". The best interests of the children demand that the statute be adhered to, and that the mother's competence as a parent be more adequately addressed *(see, e.g., Matter of Strausberg,* 92 Misc 2d 620; *see also, Matter of Catholic Child Care Socy. v Evelyn F.,* 128 Misc 2d 1023).

We therefore remit the instant petitions to the Family Court, Dutchess County, for an expedited hearing following an examination *de novo* of the respondent by a court-appointed psychiatrist or certified psychologist in accordance with Social Services Law § 384-b (6). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.