■ In the Matter of NATICIA Q., Alleged to be a Permanently Neglected Child and/or a Child of a Mentally Ill Parent. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GERALDINE Q., Appellant. [640 NYS2d 334] —Casey, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered May 25, 1994, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be, *inter alia*, permanently neglected, and terminated respondent's parental rights.

Respondent's daughter, Naticia Q., has been in foster care since her birth in 1989. The child was found to be neglected by Family Court order entered in July 1991, which was affirmed by this Court (*Matter of Naticia Q.*, 195 AD2d 616). By petition filed in August 1993 petitioner sought to terminate respondent's parental rights with respect to Naticia Q. pursuant to Social Services Law § 384-b. After a fact-finding hearing, Family Court granted the petition, based upon abandonment, respondent's mental illness and permanent neglect.

On this appeal, respondent contends that Family Court's findings are not supported by the necessary clear and convincing evidence (*see, Matter of Jennifer HH.*, 193 AD2d 850, 851). There is, however, undisputed evidence that respondent abandoned her daughter by failing to contact the child or petitioner during the period of six months immediately prior to the filing of the petition (*see*, Social Services Law § 384-b [4] [b]; [5] [a]). Although respondent was subject to an order which prohibited her from visiting the child due to respondent's violent tendencies, the order did not preclude other types of contact with the child, such as phone calls or letters or cards. Respondent did not seek to modify the visitation order, which was in effect for several years. Nor did she contact petitioner about her daughter. There is ample evidence that respondent suffered from mental illness, but there is no evidence that the mental illness had any effect on respondent's ability to contact her child. There is clear and convincing evidence of abandonment within the meaning of Social Services Law § 384-b (4) (b), and there is no requirement that petitioner make diligent efforts to strengthen the parent-child relationship when the termination of parental rights is based upon abandonment (*see, Matter of Anonymous*, 40 NY2d 96, 103; *see also*, Social Services Law § 384-b [5] [b]).

Based upon our review of the record, we also find clear and convincing evidence that by reason of her mental illness respondent will not be able to provide proper and adequate care for her daughter in the foreseeable future (*compare, Matter of Andre Jermaine R.*, 138 AD2d 380, *with Matter of Shantelle W.*, 185 AD2d 935, 938). "The mere possibility that respondent's condition * * * could improve in the future is insufficient to vitiate Family Court's conclusion" (*Matter of Vaketa Y.*, 141 AD2d 892, 893). As in the case of abandonment, diligent efforts by petitioner to reunite respondent with the child are not required when termination of parental rights is based on respondent's mental illness (*see, Matter of Donald LL.*, 188 AD2d 899, 902). We also reject respondent's claim that Family

Court erred in failing to place the child in long-term foster care instead of terminating respondent's parental rights. In view of the lengthy history of respondent's noncompliance with medication and follow-up treatments, the "slight hope of improvement" upon which respondent relies is patently insufficient to justify long-term foster care.

Accordingly, the order of Family Court should be affirmed.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.