■ In the Matter of HARRIS AA. et al., Children Alleged to be Permanently Neglected and/or Children of a Mentally Ill Parent. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAMANTHA BB., Appellant, et al., Respondent. [727 NYS2d 769] —Rose, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered December 13, 1999, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be, *inter alia*, the children of a mentally ill parent, and terminated respondents' parental rights.

Respondent Samantha BB. (hereinafter respondent) is the mother of two children, Harris and Vanessa, born in January 1996 and November 1996, respectively. In July 1996, petitioner

removed Harris from respondent's custody after she was found in an incoherent state and taken to an emergency room. Soon after Vanessa's birth, petitioner placed her in foster care due to respondent's recurring mental disorders and hospitalization. Respondent's diagnosis upon discharge from hospitalization in February 1997 was schizoaffective disorder, bipolar type, and she thereafter entered a day treatment program of the Madison County Department of Mental Health (hereinafter DMH). In September 1998, petitioner commenced this proceeding pursuant to Social Services Law § 384-b (4) (c) to terminate respondent's parental rights based upon, *inter alia*, her mental illness. Following a court-ordered psychological examination conducted in August 1999 and a hearing held in September 1999, Family Court granted the order terminating respondent's parental rights, from which she now appeals.\*

We begin our review by noting that "[i]n order to terminate parental rights on the ground of mental illness, the petitioning agency must demonstrate by clear and convincing evidence that the respondent is presently, and for the foreseeable future will be, unable to provide proper and adequate care for his or her child by reason of the respondent's mental illness" (*Matter of Donald LL.*, 188 AD2d 899, 900-901). Here, as required by Social Services Law § 384-b, Family Court ordered respondent to undergo a psychological examination, which was conducted less than one month prior to the Family Court hearing by Fred Naugle, a DMH psychologist, who had previously examined her in September 1997. Naugle's testimony that respondent was suffering from uncontrolled paranoid schizophrenia and that her noncompliance with treatment interfered with her ability to adequately parent her children was supported by the fact that respondent had been hospitalized for mental illness at least six times since 1980 and by the testimony of Kenneth Bruce, the psychiatrist who had treated respondent for her psychotic disorder at the DMH day treatment program from February 1997 until January 1999. We are satisfied that this testimony was based on sufficient examinations and records of respondent to justify Family Court's consideration of, and reliance on, the opinions of these expert witnesses.

Rather than disputing the diagnoses of mental illness or denying that her illness interferes with her ability to parent, respondent argues that Family Court's determination was in

---

\* The petition also sought an adjudication, which Family Court found, that the children's father permanently neglected the children. Although the father appealed from the court's fact-finding order, this Court dismissed his appeal upon motion of the Law Guardian due to his default.

error because, with proper medication and treatment, she may be able to properly care for her children in the future. Unfortunately, this contention is not supported by the unrefuted history of respondent's noncompliance in the record before us. It is settled law that " '[t]he mere possibility that respondent's condition, with proper treatment, could improve in the future is insufficient to vitiate Family Court's conclusion' " (*Matter of Joseph T.*, 220 AD2d 893, 895, quoting *Matter of Vaketa Y.*, 141 AD2d 892, 893). In light of this, we find that Family Court properly evaluated the evidence in concluding that respondent is, and for the foreseeable future will remain, unable to care for her child by reason of her mental illness.

We have considered respondent's remaining contentions and find them lacking in merit. Petitioner is not required to prove that it made reasonable efforts to strengthen and encourage the parental relationship when the ground for terminating parental rights is mental illness (*see, Matter of Juliana V.*, 249 AD2d 314, 315; *Matter of Naticia Q.*, 226 AD2d 755, 756). Nor is there any evidentiary basis for respondent's claim that the children's best interests would be promoted by reversing Family Court's determination. Rather, as the record amply demonstrates by clear and convincing evidence, and as Family Court thoroughly recounted in its well-reasoned decision, respondent's children have spent most of their lives in foster care, respondent's mental illness continues to impair her ability to care for them, her mental health is unlikely to substantially improve in the future and the children's best interests would be served by terminating her parental rights (*see, Matter of Ericka LL.*, 256 AD2d 1037, 1038; *Matter of Keon Lee M.*, 120 AD2d 731, 731-732).

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.