■ In the Matter of Donald W. and Another, Alleged to be the Children of Mentally Ill and/or Mentally Retarded Parents. Clinton County Department of Social Services, Respondent; Donald X., Appellant. (And Another Related Proceeding.) [793 NYS2d 217]—

Kane, J. Appeals from three orders of the Family Court of Clinton County (Lawliss, J.), entered March 5, 2004, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondents' children to be the children of mentally ill and/or mentally retarded parents, and terminated respondents' parental rights.

Petitioner filed petitions against respondents seeking to terminate their parental rights to their two children based on respondents' mental retardation and/or mental illness. After a fact-finding hearing, Family Court determined that both respondents are mentally retarded and the mother suffered from mental illness, and that each of these conditions rendered respondents unable, presently and for the foreseeable future, to provide proper and adequate care for their children. Following a dispositional hearing, the court terminated respondents' parental rights and placed the children in petitioner's custody to be freed for adoption. Both respondents appeal.

Family Court's determination regarding both respondents' mental retardation and the mother's mental illness is supported by clear and convincing evidence. To support a termination of

parental rights on the grounds of mental illness or mental retardation, the petitioning agency must show, by clear and convincing evidence, that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the children by reason of the parent's mental illness or mental retardation (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Harris AA.*, 285 AD2d 755, 756 [2001]; *Matter of Donald LL.*, 188 AD2d 899, 900-901 [1992]). The court here heard testimony from two psychologists, each of whom had interviewed both respondents and administered psychological tests (*see* Social Services Law § 384-b [6] [c]). Based on his interviews, review of relevant documents and the results of IQ tests and adaptive behavior surveys, the court-appointed psychologist opined that both respondents were mentally retarded under the statutory definition (*see* Social Services Law § 384-b [6] [b]), and that their mental retardation adversely affected their ability to parent now and for the foreseeable future. The psychologist also found that the mother was mentally ill (*see* Social Services Law § 384-b [6] [a]), and this rendered her unable to adequately care for her children.

Although a "court is not required to follow the recommendation of an expert it has appointed" (*Forzano v Scuderi*, 224 AD2d 385, 386 [1996]), where "there is an absence of any evidence to the contrary, the experts' opinions are entitled to some weight, and should not be readily set aside" (*Bains v Bains*, 308 AD2d 557, 558 [2003] [citation omitted]). While the information in the adaptive behavior surveys and many records reviewed by the psychologists were obtained from petitioner's employees, who could be considered biased sources, that merely affected the weight to be accorded to the experts' opinions. Giving due deference to Family Court's factual determinations based on its observation of the witnesses and review of exhibits,* and without any expert evidence to contradict the experts called by petitioner, petitioner met its burden of proof with clear and convincing evidence (*see Matter of Mathew Z.*, 279 AD2d 904 [2001]).

Family Court also properly determined that the children's best interests would be served by granting custody to petitioner, rather than the maternal grandparents. The purpose of the dispositional hearing is to determine what outcome would promote the best interests of the children (*see Matter of Michael V.*, 279 AD2d 668, 669 [2001], *lv denied* 96 NY2d 709 [2001]).

---

* The extensive written reports of the court-appointed psychologist were admitted into evidence without objection.

Here, the court found that the grandparents were aware of neglectful conditions in respondents' home prior to petitioner's removal of the children, yet made no real effort to ameliorate, or inform the authorities of, those conditions. During the 18 months that the children were in foster care, the grandmother visited them approximately eight times and did not file a custody petition until they had been in foster care for 16 months. The court also noted that the grandparents had a "full plate" due to their custody of three other grandchildren, and they would not have the ability to parent two additional special needs children. Thus, granting custody to petitioner with a goal of freeing the children for adoption was in their best interests (*see Matter of Deborah I.*, 6 AD3d 771, 774 [2004]; *Matter of Thelonius BB.*, 299 AD2d 775, 776-777 [2002]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.