■ In the Matter of ANDREW U. and Another, Alleged to be the Children of a Mentally Retarded and Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY W., Appellant. [802 NYS2d 281]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered December 15, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally retarded and mentally ill parent, and terminated respondent's parental rights.

Petitioner filed a petition to terminate the parental rights of respondent, the father of two young children, based on mental retardation and mental illness. Family Court granted the petition following a hearing which included the testimony of respondent, his parents and Richard Liotta, a court-appointed psychologist. Respondent appeals. We affirm.

Initially, we reject respondent's argument that Family Court relied on information outside the record in rendering its determination. The court took judicial notice of orders of fact-finding and disposition from prior neglect matters involving the family, which formed the basis of the court's previous knowledge of re-

spondent. Not only did petitioner request that the court take judicial notice of those decisions and orders, with no objection from respondent, but those documents were also recited in the petition in allegations admitted by respondent. Consequently, the court relied only on evidence properly before it.

Family Court properly relied on Liotta's expert testimony and report. This evidence clearly and convincingly established that respondent is mentally retarded and mentally ill and, based on each condition separately, was presently and will for the foreseeable future be unable to adequately care for the children (*see* Social Services Law § 384-b [4] [c]; *Matter of Donald W.*, 17 AD3d 728, 728-729 [2005], *lv denied* 5 NY3d 705 [2005]). Liotta had a sufficient basis for his opinion. He reviewed respondent's psychological records going back more than 10 years, recent psychological testing and reports, court petitions and orders, and he interviewed respondent, his father, and petitioner's homemaker assigned to supervise respondent's visitation with his children. Results from testing that Liotta conducted were consistent with results of both recent previous testing and tests from when respondent was in school. Although Liotta did not observe respondent interacting with the children, he explained that his interview with and review of the notes from the homemaker who supervised visitation for more than a year was sufficient to apprise him of the parent-child relationship. Considering the lack of any expert evidence contradicting Liotta's well-supported opinion, the court appropriately relied upon that opinion in reaching its determination (*see Matter of Donald W., supra* at 729; *Matter of Allen DD.*, 17 AD3d 740, 743 [2005], *lv denied* 5 NY3d 704 [2005]; *Matter of Harris AA.*, 285 AD2d 755, 756 [2001]).

Termination of respondent's parental rights was in the children's best interests. Although permitted, no separate dispositional hearing is required after a finding of mental retardation (*see Matter of Joyce T.*, 65 NY2d 39, 49 [1985]; *Matter of Michael E.*, 241 AD2d 635, 638 [1997]; *Matter of Elizabeth Q.*, 126 AD2d 905, 906 [1987]). Pursuant to a prior neglect order, issued when respondent's daughter was only a few months old and his son was less than two years old, respondent was ordered to leave the residence and have only supervised visitation. At the time of the hearing, the children were two and three years old, they had both spent a majority of their lives out of respondent's care, their mother had surrendered her parental rights, and it was unlikely that respondent would ever be able to adequately care for them (*see Matter of Joyce T., supra; compare Matter of Allen DD., supra* at 742-743, *with Matter of*

*Michael E., supra*). Under the circumstances, Family Court properly determined that a dispositional hearing was unnecessary and termination was in the children's best interest.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.