■ In the Matter of BURTON C. and Another, Alleged to be Permanently Neglected Children and/or the Children of a Mentally Ill and/or Mentally Retarded Parent. ESSEX COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARCY C., Appellant. [937 NYS2d 362]—

Peters, J.

"To terminate parental rights on the grounds of mental illness, petitioner must show, 'by clear and convincing evidence, that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the children by reason of the parent's mental illness' " (*Matter of Alexis X.*, 23 AD3d 945, 946 [2005], *lv denied* 6 NY3d 710 [2006], quoting *Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]; *see* Social Services Law § 384-b [4] [c]; *Matter of Corey UU. [Donna UU.]*, 85 AD3d 1255, 1256 [2011], *lv denied* 17 NY3d 708 [2011]). Such proof must include "testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child[ren]" (*Matter of Robert XX.*, 290 AD2d 753, 754 [2002]; *accord Matter of Corey UU. [Donna UU.]*, 85 AD3d at 1256; *Matter of Karen GG. [Marline HH.]*, 72 AD3d 1156, 1158 [2010], *lv denied* 14 NY3d 713 [2010]).

Here, Family Court was presented with the detailed reports and testimony of Raymond Havlicek and Richard Liotta, two psychologists who performed court-ordered evaluations of respondent. Based upon, among other things, results of psychological tests, their review of relevant documents from various sources and interviews with respondent and collateral sources,

including social workers, caseworkers and mental health providers, both concluded that respondent suffers from a mental illness that rendered her unable, presently and for the foreseeable future, to care for her children by reason of mental illness. Specifically, Havlicek testified that respondent suffers from borderline intellectual functioning and severe borderline personality disorder, and that the aggregate affect of these limitations significantly interferes with her ability to care for the children, especially in light of their developmental disabilities and significant special needs. He explained that respondent's personality disorder is characterized by anxiety, extreme feelings of abandonment and a dependency upon relationships with men, all of which diminish her capacity to make good decisions and appropriate judgments. Havlicek noted that respondent's fear of abandonment is so strong that she places her own needs ahead of the interests and safety of the children, as exemplified by, among other things, her decision to engage in relationships with and expose the children to known sex offenders. He further opined that respondent's mental condition would persist for the foreseeable future and that there was little likelihood that the use of medication or provision of additional services would improve respondent's abilities in this regard.

Liotta reached a similar conclusion, opining that respondent's borderline personality disorder and its features, exacerbated by her other psychological issues such as depressive disorder, generalized anxiety disorder and low intellectual functioning, negatively affect her ability to parent the children now and in the foreseeable future. He explained that respondent's mental condition led to pervasive problems with impulse control, affectivity, self image, appropriate judgment and decision-making and interpersonal functioning. He testified further that, as a result of respondent's cognitive distortions, respondent is resistant to change, took little responsibility for her actions and minimized her behavior. Liotta noted that, although respondent is motivated to change her behaviors, she is unable to do so in fundamental areas that affect her ability to care for the children.

The testimony of these psychologists, coupled with their respective written reports that were admitted into evidence at the hearing, amply demonstrate that respondent is presently, and for the foreseeable future will remain, unable to provide proper and adequate care for her children by reason of mental illness (*see* Social Services Law § 384-b [4] [c]). Although respondent presented testimony regarding her efforts to improve her parenting abilities, including attending substance abuse

programs and therapy, " '[t]he mere possibility that respondent's condition, with proper treatment, could improve in the future is insufficient to vitiate Family Court's conclusion' " (*Matter of Joseph T.*, 220 AD2d 893, 895 [1995], quoting *Matter of Vaketa Y.*, 141 AD2d 892, 893 [1988]; *accord Matter of Melissa LL.*, 30 AD3d 705, 707 [2006], *lvs denied* 7 NY3d 710 [2006]; *Matter of Harris AA.*, 285 AD2d 755, 757 [2001]). Indeed, while noting that respondent had shown some recent improvements in her behavior, both Havlicek and Liotta were of the opinion that her mental condition was such that she would still be incapable of adequately caring for the children. Giving due deference to Family Court's factual determinations, and in the absence of any contradictory expert evidence, we find that clear and convincing evidence supports the determination rendered (*see Matter of Darren HH. [Amber HH.]*, 72 AD3d 1147, 1150 [2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Alexis X.*, 23 AD3d at 947; *Matter of Donald W.*, 17 AD3d at 729).

We have considered respondent's remaining contentions and, to the extent that they are preserved, find them to be without merit. Petitioner is not required to prove that it made diligent efforts to strengthen and encourage the parental relationship when the ground for terminating parental rights is mental illness (*see Matter of Anonymous*, 40 NY2d 96, 102-103 [1976]; *Matter of Harris AA.*, 285 AD2d at 756; *Matter of Donald LL.*, 188 AD2d 899, 902 [1992]). Nor does the absence of such a requirement to prove diligent efforts violate rights of due process or equal protection (*see generally Matter of Joyce T.*, 65 NY2d 39, 50 [1985]; *Matter of Nereida S.*, 57 NY2d 636, 640 [1982]). Finally, Family Court did not err in terminating respondent's parental rights without conducting a dispositional hearing. Although one may be appropriate in certain cases (*see Matter of Joyce T.*, 65 NY2d at 46, 49), a separate dispositional hearing is not required after a finding of mental illness (*see* Social Services Law § 384-b [4] [c]; *Matter of Joyce T.*, 65 NY2d at 49; *Matter of Robert XX.*, 290 AD2d at 755). As the extensive record amply demonstrates, and as Family Court found in its well-reasoned decision, respondent's mental illness continues to impair her ability to care for her children and attend to their special needs, her mental health is unlikely to substantially improve in the future, and the children have benefitted emotionally, socially and educationally since their removal from respondent. Under the circumstances, a dispositional hearing was unnecessary and termination of respondent's parental rights was in the children's best interests (*see Matter of Joyce T.*, 65 NY2d at 46; *Matter of Andrew U.*, 22 AD3d 926, 927-928 [2005]; *Mat-*

*ter of David T.*, 268 AD2d 309 [2000]; *Matter of Elizabeth Q.*, 126 AD2d 905, 906 [1987]).

Mercure, A.P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.