■ In the Matter of DAKOTA F., Alleged to be the Child of a Mentally Ill or Mentally Retarded Parent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA F., Appellant. (Proceeding No. 1.) In the Matter of DESIREA F., Alleged to be the Child of a Mentally Ill or Mentally Retarded Parent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA F., Appellant. (Proceeding No. 2.) [974 NYS2d 594]—

Garry, J. Appeals from two orders of the Family Court of St. Lawrence County (Potter, J.), entered September 15, 2011, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill parent, and terminated respondent's parental rights.

As pertinent here, respondent is the mother of a son (born in 2003) and a daughter (born in 2005).* There is an extensive history between the parties, as the children were initially adjudicated to be neglected in 2004 and 2006. They were thereafter removed and placed in foster care in 2007 and were again adjudicated to be neglected in 2008. In May 2010, following a permanency hearing, Family Court directed petitioner to arrange a parenting assessment and mental health evaluation of respondent, which was thereafter performed by psychologist Richard Liotta. Petitioner commenced permanent neglect proceedings against respondent and, in November 2010, a combined fact-finding hearing was commenced in those permanent neglect proceedings and in permanent neglect proceedings against the daughter's father. After several witnesses testified, the court recessed the hearing to inquire as to the appropriateness of the combined hearing in view of testimony regarding the mother's mental health. Immediately thereafter, petitioner withdrew its permanent neglect petitions against respondent and commenced these proceedings seeking to terminate her parental rights based on mental illness. Family Court appointed psychologist Donald Danser to evaluate respondent as required by Social Services Law § 384-b (6) (e). Following a hearing, the court terminated respondent's parental rights based on mental illness (*see* Social Services Law § 384-b [4] [c]). Respondent appeals.

Initially, we reject respondent's claim that Family Court improperly usurped petitioner's authority to decide whether to seek termination of her parental rights on the basis of mental illness (*see generally* Social Services Law § 384-b [3] [b]). This claim was unpreserved and, in any event, is not supported by the record. As to respondent's contention that Family Court erred in receiving Liotta's psychological report, we note that petitioner had the right to submit "psychiatric, psychological or medical evidence" (Social Service Law § 384-b [6] [e]; *see Matter*

---

* Respondent also has an older child who is in a relative's custody following previous neglect proceedings.

*of Peter GG.*, 33 AD3d 1104, 1105 [2006]), and Liotta testified that he examined respondent for the purpose of determining whether she had a mental condition that might impair her ability to care for her children. However, we agree with respondent's further contention that Family Court erred in admitting Liotta's report into evidence because it contained inadmissible hearsay.

Liotta testified that in the course of his examination, he conducted numerous personal interviews with caseworkers, counselors, and others. Pursuant to the professional reliability exception to the hearsay rule, an expert witness may rely on information that would otherwise constitute inadmissible hearsay "if it is of a kind accepted in the profession as reliable in forming a professional opinion or if it comes from a witness subject to full cross-examination on the trial" (*People v Goldstein*, 6 NY3d 119, 124-125 [2005], *cert denied* 547 US 1159 [2006] [internal quotation marks and citation omitted]; *see Matter of Greene v Robarge*, 104 AD3d 1073, 1074 [2013]; *O'Brien v Mbugua*, 49 AD3d 937, 938 [2008]). While some of the individuals with whom Liotta spoke testified during the hearing and were thus subject to cross-examination, several others did not. Liotta was not asked and offered no opinion as to whether the information he gleaned from the interviews with individuals who did not testify was professionally accepted as reliable in performing mental health evaluations. Respondent objected on hearsay grounds to Liotta's testimony about these interviews and to the admission of his report—which contained detailed accounts of each interview—but the court overruled these objections. Moreover, when respondent's counsel sought to ask about the effect of the collateral source interviews on his opinions, the court precluded him from doing so. As a result, no proper foundation was laid for the admission of Liotta's testimony or his report (*see Matter of Anthony WW. [Michael WW.]*, 86 AD3d 654, 657 [2011], *lv denied* 17 NY3d 897 [2011]; *Matter of Murphy v Woods*, 63 AD3d 1526, 1526-1527 [2009]; *compare Matter of Mohammad v Mohammad*, 23 AD3d 476, 476-477 [2005]).

Parental rights may be terminated on the ground of mental illness only when it is shown "by clear and convincing evidence, that the parent is presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care for the children by reason of the parent's mental illness" (*Matter of Burton C. [Marcy C.]*, 91 AD3d 1038, 1039 [2012] [internal quotation marks and citation omitted]; *accord Matter of Donald W.*, 17 AD3d 728, 729 [2005], *lv denied* 5 NY3d 705 [2005]). In

addition to proof of the parent's underlying condition, termination of parental rights on this basis requires " 'testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child' " (*Matter of Karen GG. [Marline HH.]*, 72 AD3d 1156, 1158 [2010], *lv denied* 14 NY3d 713 [2010], quoting *Matter of Robert XX.*, 290 AD2d 753, 754 [2002]; *accord Matter of Arielle Y.*, 61 AD3d 1061, 1062 [2009]).

Here, psychologist Donald Danser was appointed to perform the statutorily required mental evaluation, and he opined that respondent did not have a mental condition which prevented her from providing her children with adequate care. Accordingly, in the absence of Liotta's testimony and report, the record does not include clear and convincing evidence that respondent suffers from a mental illness rendering her unable to care for her children, and Family Court's orders must be reversed. This conclusion makes it unnecessary to address respondent's remaining contentions.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petitions dismissed.