Devine, J.
Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 15, 2013, which granted petitioner’s application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Angel SS. to be the child of a mentally ill parent, and terminated respondent’s parental rights.
Respondent is the mother of a daughter born in January 2012. The child was removed from the care of both parents shortly after her birth and, in May 2012, Family Court adjudicated the child to be neglected. Petitioner thereafter commenced separate proceedings against respondent and the father in January 2013, seeking to terminate their parental rights due to mental illness and mental retardation that left them unable to care for the child. Petitioner withdrew the claims of mental retardation during the joint fact-finding hearing that ensued and, in separate orders, Family Court granted the applications upon the remaining ground of mental illness. Only respondent appeals.[1]
In order to terminate parental rights due to the mental ill *1120 ness of a parent, it must be shown by “clear and convincing proof that the parent is presently and for the foreseeable future unable, by reason of [that] mental illness ... to provide proper and adequate care for the child[ ]” (Matter of Nereida S., 57 NY2d 636, 640 [1982] [internal quotation marks and citations omitted]; see Matter of Kaitlyn X. [Arthur X.], 122 AD3d 1170, 1171 [2014]; Matter of Adrianahmarie SS. [Harold SS.], 99 AD3d 1072, 1072-1073 [2012]). This showing, in turn, requires “testimony from appropriate medical witnesses particularizing how the parent’s mental illness affects his or her present and future ability to care for the child” (Matter of Robert XX., 290 AD2d 753, 754 [2002]; see Matter of Kaitlyn X. [Arthur X.], 122 AD3d at 1171). Respondent contends that petitioner failed to satisfy its burden of proof and that the medical testimony of petitioner’s expert was founded upon inadequate information.
We disagree and affirm. Petitioner presented the reports and testimony of Richard Liotta, a licensed psychologist who performed court-ordered evaluations of both parents. He opined that both parents suffered from mental illnesses that rendered them unable to provide proper and adequate care for the child, either now or in the foreseeable future. Liotta considered extensive background and collateral source information in developing those opinions and, while respondent now complains of his reliance upon that information, the extent to which her arguments are preserved for our review is far from clear.[2] In any event, an appropriate foundation for the admission of the report was laid by Liotta’s testimony that this “otherwise inadmissible hearsay” was “the type of material commonly relied on in the profession” (Hinlicky v Dreyfuss, 6 NY3d 636, 648 [2006]; accord Matter of Kaitlyn X. [Arthur X.], 122 AD3d at 1171; compare Matter of Anthony WW. [Michael WW.], 86 AD3d 654, 657-658 [2011], lv denied 17 NY3d 897 [2011]). Liotta further explained in detail how he used that information in conjunction with his direct interactions with respondent to formulate his opinion, and addressed the possibility that some of the individuals he spoke with may have been biased against the parents.
Turning to the substance of that opinion, Liotta found that respondent had a variety of disorders, including mood disorder not otherwise specified, anxiety disorder not otherwise speci *1121 fied, impulse control disorder and borderline personality disorder. Borderline personality disorder presented the greatest concern to Liotta, who pointed out that it led to emotional volatility and poor judgment with regard to interpersonal relationships. Liotta specifically noted that her disorders left respondent feeling “emotionally empty” and caused her to act in ways detrimental to the child, including by remaining in an emotionally and physically abusive relationship with the father. Moreover, respondent has not followed through with recommended mental health treatment, has only intermittently expressed a belief that she needed it, and has exhibited a lack of insight into the severity of her own problems. Liotta concluded that she was unlikely to seek out treatment in the future given these facts and that, as a result, she would remain unable to properly raise a child. Thus, in the absence of any expert evidence to call the opinion of Liotta into question, and according due deference to the credibility assessments made by Family Court, we find that its determination is supported by clear and convincing evidence (see Matter of Kaitlyn X. [Arthur X.], 122 AD3d at 1172; Matter of Burton C. [Marcy C.], 91 AD3d 1038, 1040-1041 [2012]).
Peters, P.J., Garry and Rose, JJ., concur.
Ordered that the order is affirmed, without costs.

. The father has withdrawn his appeal from the separate order terminating his parental rights.

. The report regarding respondent was admitted into evidence upon the understanding that the hearsay information contained therein would only stand for the proposition that it had been provided to Liotta. Respondent objected to some of the conclusions in the report, arguing that they were solely derived from hearsay information.