■ In the Matter of LISA Z. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHERRY X., Appellant. [714 NYS2d 552] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered September 29, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend placement of respondent's children with petitioner for one year.

Respondent is the mother of Lisa Z. (born in 1992) and James Z. (born in 1997). Following the filing of a neglect petition against her, respondent stipulated to the entry of an order adjudicating both children to be neglected pursuant to Family Court Act § 1051 (a) based upon her failure to protect Lisa from sexual abuse perpetrated by Raymond Z., respondent's boyfriend and the children's father, and her failure to meet various needs of both children. Respondent consented to an order of disposition which, *inter alia*, placed both children in the custody of petitioner pursuant to Family Court Act § 1055 for a period of 12 months terminating May 29, 1999. In 1998, following a fact-finding hearing, Family Court adjudicated Lisa to be abused and James to be neglected by Raymond Z. We affirmed those findings (*see*, *Matter of Lisa Z.*, 267 AD2d 800).

By an amended petition filed in March 1999, petitioner sought to extend the children's foster care placement pursuant to Family Court Act § 1055 and obtain court approval of its permanency plan, the object of which was to allow the children to be adopted. A permanency hearing was held on respondent's case.* Family Court extended the children's placement for another 12 months and approved the permanency plan. Respondent appeals.

Initially, since the order extending placement, which is the subject of this appeal, expired on May 29, 2000, we deem respondent's challenge to the extension moot (*see*, *Matter of Michael OO.*, 267 AD2d 638; *Matter of Nathan PP.*, 246 AD2d 835, *lv denied* 91 NY2d 813). Furthermore, based upon the rec-

---

* Family Court granted petitioner's motion for a default against Raymond Z. based upon his nonappearance.

ord before us, we cannot say that Family Court abused its discretion when it approved petitioner's modification of its service plan. We are not determining, however, whether petitioner met its burden in the termination proceeding, which we note is the subject of another appeal before this Court.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.