■ In the Matter of MATHEW Z. and Others, Alleged to be the Children of a Mentally Ill and/or Mentally Retarded Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LINDA Z., Appellant. (And Another Related Proceeding.) [720 NYS2d 566] —Carpinello, J. Appeals from two orders of the Family Court of Clinton County (McGill, J.), entered October 20, 1999, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill and mentally retarded parent, and terminated respondent's parental rights.

Respondent is the mother of seven children, all of whom have been removed from her care based on findings of abuse and neglect (*see, Matter of Tiffany AA.*, 268 AD2d 818, 819). She is currently serving a 2½ to 5-year prison term for felonious assault and child endangerment regarding her treatment of two stepchildren, each of whom has also been the subject of abuse and neglect adjudications against respondent (*see, id.*). The instant proceedings seeking to terminate respondent's parental rights concern only her three youngest children, Mathew Z. (born in 1995), Kevin Z. (born in 1996) and Tiffany AA. (born in 1998). Following a fact-finding hearing, Family Court determined that respondent is presently and for the foreseeable future unable to provide proper and adequate care for these children by reason of mental illness and mental retardation. Following a dispositional hearing, the court further determined that the best interests of the children would be promoted by transferring their custody and guardianship to petitioner and freeing them for adoption without respondent's consent. Respondent appeals.

Respondent argues that there is no evidence that the three children at issue in this proceeding were actually abused or neglected by her, a claim which is not only irrelevant to the matter at hand (predicated as it is on respondent's mental illness and mental retardation), but which is also patently without merit. She further claims that Family Court's determination is based on nothing other than an "inference" that she is mentally inferior because of her poor choices in companions throughout her life. This claim is likewise totally without merit. Upon our

review of the record, we find that Family Court's determination is in full accord with the competent and unrefuted expert testimony presented at the hearing and Social Services Law § 384-b (4) (c) and (6). Two certified psychologists evaluated respondent prior to the hearing in this matter, Margaret Santora and Richard Liotta. Of note, Liotta was contacted by *respondent's* attorney and asked to conduct an independent evaluation of her in conjunction with these proceedings. Both of these psychologists testified at the hearing on behalf of petitioner; their written reports and testimony were remarkably similar in tone and content.

Santora opined that respondent is a person of subaverage intellectual functioning, which originated during her developmental period and which is associated with impairment in adaptive behavior (*see*, Social Services Law § 384-b [6] [b]). She further opined that respondent is afflicted with a mental illness manifested by a disturbance in behavior, feeling, thinking and judgment (*see*, Social Services Law § 384-b [6] [a]). According to Santora, respondent has a disordered personality in that she is unable to accept responsibility for the consequences of her behavior or properly care for either herself or those dependent upon her. She specifically stated that respondent is of limited emotional range and does not have the necessary capacity to provide proper and adequate care for her children at the present time or in the foreseeable future. When asked to characterize the level of risk of abuse or neglect that respondent's children would be subject to if placed in her care, Santora responded that the children would be in very grave risk of becoming abused and neglected (*see*, Social Services Law § 384-b [6] [a], [b]).

Liotta similarly testified that respondent is a person of subaverage intellectual functioning which originated during her developmental period and which is associated with impairment in adaptive behavior (*see*, Social Services Law § 384-b [6] [b]). Based on the various tests he performed, Liotta determined that respondent is afflicted with a mental disease or condition, namely, a personality disorder with antisocial and narcissistic features manifested by a disturbance in behavior, feelings, thinking and judgment (*see*, Social Services Law § 384-b [6] [a]). He also opined that respondent's severe character disorder is marked by hostility, anger, resentfulness and, to a lesser degree, anxiety. He further stated that respondent is emotionally inappropriate and is likely to have impulse control problems. In fact, he specifically opined that the possibility of extreme impulse control problems is "very high." According to

Liotta, respondent's overall intellectual skills would likely create a problem in her caring for herself and it is unlikely that she has the present or future capacity to provide proper and adequate care for the children. Liotta further testified that there is "a very strong chance" that any child placed in her care would be in danger of being neglected or abused (*see*, Social Services Law § 384-b [6] [a], [b]).

The testimony of these psychologists, certainly taken together and even taken independently, coupled with their respective written reports which were admitted into evidence at the hearing, amply demonstrate that respondent is presently, and for the foreseeable future will remain, unable to provide proper and adequate care for her children by reason of mental illness and mental retardation (*see, e.g., Matter of Dale T.*, 236 AD2d 744; *Matter of Joshua O.*, 227 AD2d 695; *Matter of Donald LL.*, 188 AD2d 899). Moreover, we agree with Family Court's determination that it is in these children's best interests to terminate respondent's parental rights (*compare, Matter of Michael E.*, 241 AD2d 635).

Respondent's remaining contentions have been reviewed and rejected as meritless.

Peters, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.