■ In the Matter of JOSHUA F., Alleged to be the Child of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SUSAN K., Appellant. [737 NYS2d 704] —Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 8, 2001, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be the child of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of Joshua F., born in 1989. As the result of a petition filed in July 1999, Joshua was found to be an abused and neglected child and, pursuant to an order of placement, his care and custody was given to petitioner. On August 15, 2000, petitioner instituted this proceeding seeking the guardianship and custody of Joshua pursuant to Social Services Law § 384-b, alleging, inter alia, that respondent, presently and for the foreseeable future, is unable, by reason of mental illness, to provide proper and adequate care for the child. After a fact-finding hearing in November 2000, Family Court found that respondent was unable to adequately care for

Joshua by reason of mental illness and, inter alia, ordered respondent's guardianship and custody rights to be transferred to petitioner. Respondent appeals, and we affirm.

Respondent's primary contention is that Family Court's determination to terminate her parental rights is not supported by clear and convincing evidence (see, Social Services Law § 384-b [3] [g]). Respondent argues that the mental health evaluation performed by the court-appointed psychologist is fundamentally flawed because the psychologist failed to perform an emotional or personality evaluation of respondent or an evaluation of her parenting skills and failed to interview the child or to have a working knowledge of the child's affliction, Asperger's Syndrome, a mild form of autism.

Family Court appointed Margaret Santora to evaluate respondent (see, Social Services Law § 384-b [6] [c]). Santora testified, based on her review of various court petitions, orders and prior evaluations of respondent and a 90-minute interview with her, that respondent suffers from a personality disorder, not otherwise specified, a category of mental disease listed in the Diagnostic Services Manual Number Four as 301.9. In substance, Santora testified that this was a long-standing disorder which affected respondent's behavior, feeling and judgment and which rendered her incapable of providing adequate and proper care for the child presently or in the foreseeable future. Additionally, Santora's report, admitted into evidence without objection, indicates that respondent fails to recognize her need for mental health services, blames her parenting difficulties on the child's condition and demonstrates no understanding of her problems or what course of treatment would be necessary to improve her situation. It was Santora's professional opinion that if the child were returned to respondent's custody, he would be in danger of becoming a neglected child. Respondent offered no opposing expert testimony or report. Other evidence established repeated incidents of respondent's neglect, her difficulties with alcohol treatment programs and her failure to acknowledge the effects of her alcohol consumption on her parenting abilities.

Social Services Law § 384-b (6) (a) defines mental illness as follows: "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the family court act." We find that the totality of the evidence presented to Family Court, and particularly

the testimony and report of Santora, establishes by clear and convincing evidence respondent's mental illness (*see, Matter of Shane PP.*, 283 AD2d 725, 727, *lv denied* 96 NY2d 720; *Matter of Joseph ZZ.*, 245 AD2d 881, 885, *lv denied* 91 NY2d 810). Respondent's contentions with respect to the inadequacy of Santora's evaluation and her failure to examine the child to formulate a clear understanding of the extent and impact of his affliction properly go to the weight afforded to such evidence, and we find no reason to disturb Family Court's determination to credit Santora's findings.

We reject respondent's assertion that Santora improperly considered respondent's prior clinical records and evaluations (*see, Matter of Joseph ZZ.*, *supra* at 885). Likewise, Santora's failure to obtain the results of the Minnesota Multiphasic Personality Inventory or to conduct a more extensive interview with respondent do not comprise an adequate basis upon which to discredit her opinion.

As a final matter, the evidence sufficiently establishes that respondent's mental illness has a significant impact on her parenting abilities and she is not, nor will she be in the foreseeable future, able to adequately care for the child (*see, Matter of Shane PP.*, *supra*; *Matter of Mathew Z.*, 279 AD2d 904, 905). Accordingly, Family Court properly terminated respondent's parental rights and transferred custody and guardianship to petitioner.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.