In the Matter of PATRICK S. and Others, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FLORENCE S., Appellant. (Appeal No. 1.) [757 NYS2d 923] —Appeal from an order of Family Court, Onondaga County (Hood, J.), entered October 22, 2001, which, inter alia, adjudged that the children are neglected.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of respondent that she was denied her right to appellate review because the transcript from one day of the fact-finding hearing is missing. At the hearing to settle a statement in lieu of the missing transcript, Family Court produced and read into the record its

detailed notes summarizing the testimony of the two witnesses who testified that day and the parties' stipulation with respect to the anticipated testimony of a third witness. Respondent raised no objections and offered no additions to the court's summary. Respondent "does not assert that the missing transcript contains material pertaining to an appealable issue, and upon review of the Judge's extensive trial notes we have found no indication that any error occurred on that date" (*Matter of Latrice R.*, 93 AD2d 838, 838 [1983], *lv denied* 59 NY2d 604 [1983]; *see generally People v Glass*, 43 NY2d 283, 286-287 [1977]). Further, respondent's "speculation that objections or motions might have been made which no one is able to recall is insufficient to rebut the presumption of regularity in the [order] and the proceedings on which it is based" (*People v Andino*, 183 AD2d 834, 834-835 [1992], *lv denied* 80 NY2d 901 [1992]).

Turning to the merits, we conclude that the court's finding of neglect with respect to each child is supported by a preponderance of the evidence (*see Matter of Tabatha WW.*, 260 AD2d 669, 670 [1999], *lv denied* 93 NY2d 815 [1999]). Respondent failed to establish that counsel provided less than meaningful representation (*see Matter of Steven K.*, 255 AD2d 943, 944 [1998], *lv denied* 92 NY2d 820 [1999]; *Matter of Matthew C.*, 227 AD2d 679, 682-683 [1996]). Finally, the court did not abuse its discretion in denying respondent's request for an adjournment to complete a psychological evaluation that respondent had previously terminated (*see Matter of Melissa M.P.*, 255 AD2d 990 [1998], *lv denied* 93 NY2d 801 [1999]; *Matter of Jennifer HH.*, 193 AD2d 850, 852 [1993]). Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.