■ In the Matter of JERAN PP., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOANNE

PP., Appellant. (Proceeding No. 1.) (And Two Other Related Proceedings.) [776 NYS2d 123]—

Spain, J. Appeals (1) from three orders of the Family Court of Clinton County (Lawliss, J.), entered August 30, 2002, which, inter alia, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 10, to extend placement of respondent's three children with petitioner, and (2) from an order of said court, entered April 8, 2003, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the mother of Jeran (born in 1989), Cary (born in 1992) and Jillian (born in 2000), who were previously adjudicated by Family Court to be neglected and placed in petitioner's custody for a period of one year commencing September 3, 2001. Respondent did not appeal from that order. In August 2002, Family Court, in three separate orders, extended placement of the three children with petitioner for an additional year, and respondent appeals from these orders.

Before respondent's appeal was perfected, however, petitioner filed a petition pursuant to Social Services Law § 384-b (4) (c) seeking to terminate respondent's parental rights on the ground that respondent, presently and for the foreseeable future, was unable by reason of mental illness, to provide adequate care for the children. After a fact-finding hearing, Family Court found that respondent was unable to adequately care for her children by reason of mental illness, ordered that guardianship and custody of the children be transferred to petitioner and freed them for adoption. Respondent appeals from this order as well.

Initially, the August 2002 orders extending placement—which are the subject of respondent's first appeal—expired by their own terms on August 25, 2003, rendering moot respondent's challenge to the extensions (*see Matter of Lisa Z.*, 276 AD2d

853, 853 [2000]). Were we to reach the merits, we would find ample support in the record for the challenged extensions (*see Matter of Trebor UU.*, 287 AD2d 830, 830-831 [2001]). Accordingly, respondent's appeal from the extension orders must be dismissed (*see id.*).

Next, the record fully supports Family Court's termination of respondent's parental rights due to mental illness. Pursuant to Social Services Law § 384-b, Family Court may commit the guardianship and custody of a child to an authorized agency if, by reason of mental illness, the parent or parents "are presently and for the foreseeable future unable . . . to provide proper and adequate care for a child who has been in the care of an authorized agency for the period of one year immediately prior to the date on which the petition is filed in the court" (Social Services Law § 384-b [4] [c]; *see Matter of Trebor UU.*, 295 AD2d 648, 650 [2002]). In its analysis of the proof, the court must first determine whether the respondent suffers from a "mental illness" as defined by the Social Services Law (*see* Social Services Law § 384-b [6] [a]; *Matter of Joshua F.*, 291 AD2d 742, 743-744 [2002]) and, if so, whether the evidence sufficiently establishes that respondent's mental illness has a significant impact on her parenting abilities which, for the present and foreseeable future, renders her unable to provide adequate care for her children (*see* Social Services Law § 384-b [4] [c]; *Matter of Joshua F., supra* at 744; *Matter of Joseph ZZ.*, 245 AD2d 881, 884-885 [1997], *lv denied* 91 NY2d 810 [1998]).

Here, the clinical psychologist appointed by Family Court to conduct a mental health evaluation testified, based on his prior evaluation of respondent and his review of her mental health records (including records from Oswego County Child Protective, Oswego County Mental Health and Clinton County Mental Health) that respondent has a "mental condition which places children in her care at risk of being neglected" and that her mental condition is "long standing and is likely to persist into the future." Specifically, he asserted that respondent's mental health records indicate "a psychotic disorder characterized by paranoid thinking" and that she had several diagnoses of various personality disorders. As provided in the court order of appointment, the witness properly relied on her past mental health records and an earlier evaluation he conducted in which he had interviewed respondent because she failed to show up for her scheduled appointments (*see* Social Services Law § 384-b [6] [e]; *Matter of Joshua F., supra* at 744). Family Court noted in its decision that respondent's demeanor in court as well as her testimony supported the psychologist's diagnoses.

Respondent's treating psychiatrist testified that after interviewing her on a number of occasions he diagnosed her with a delusional disorder and recommended medication and therapy. While he further opined that respondent had the "potential" to provide adequate care for the children, he stated that her mental illness interferes with her ability to make good judgments. Notably, the mere possibility that respondent's condition may improve with treatment is insufficient to undermine Family Court's determination (*see Matter of Trebor UU., supra* at 650). In our view, the record contains clear and convincing evidence to support Family Court's determination that respondent's mental illness rendered her unable to provide proper care for her children presently and in the foreseeable future (*see* Social Services Law § 384-b [3] [g]; [4] [c]). Accordingly, the order should be affirmed.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the appeal from the orders entered August 30, 2002 is dismissed as moot, without costs. Ordered that the order entered April 8, 2003 is affirmed, without costs.