■ In the Matter of KYLE F., a Child Alleged to be Permanently Neglected. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEANETTE E., Appellant. (And Another Related Proceeding.) [787 NYS2d 523]—

Spain, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered December 23, 2003, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Kyle F. (born in 1998), a child with special needs who was temporarily placed in petitioner's care at the age of nine months, after respondent was charged with neglect based upon her failure to arrange for the care of the child while incarcerated on a bad check charge. Upon a finding of neglect, the child was placed with petitioner during respondent's incarceration for approximately four months. Upon respondent's release from jail and a period of visitation, the child was returned to her care. Approximately one month later, respondent was arrested for driving while intoxicated and endangering the welfare of a child and was incarcerated for a

period of almost two years. As a result of the arrest, respondent was again charged by petitioner with neglect, the child was again temporarily removed to the custody of petitioner, and, in December 1999, upon a new finding of neglect, was again placed with petitioner.

The child remained in petitioner's custody and, in July 2002, petitioner filed petitions seeking to terminate respondent's parental rights based upon allegations of permanent neglect and that respondent was at the time and for the foreseeable future unable, by reason of mental illness, to provide proper and adequate care for him.* On July 31, 2002 at her initial appearance on these petitions, Family Court ordered a mental health evaluation (*see* Social Services Law § 384-b [6] [e]). In October 2002, Family Court issued an order, on motion of petitioner, that reasonable efforts to reunite respondent with the child would not be required (*see* Family Ct Act § 1039-b [a]). A fact-finding hearing commenced in January 2003, at which time respondent still had not made a number of scheduled appointments necessary to complete the ordered mental health evaluation. Upon finding that respondent had not cooperated in the completion of the ordered evaluation, the court permitted a psychiatrist, who had previously evaluated respondent, to testify based upon her own assessment and respondent's voluminous mental health records from other professional evaluations and treatment facilities (*see* Social Services Law § 384-b [6] [e]). Respondent ultimately appeared for her ordered evaluation in October 2003, after the court had rendered its decision finding mental illness and permanent neglect. In December 2003, following a dispositional hearing, Family Court terminated respondent's parental rights and granted petitioner's request for guardianship and custody of the child. Respondent has appealed, and we affirm.

Initially, Family Court correctly determined that, under the circumstances of this case, petitioner was not required to exercise diligent efforts aimed at reunification (*see* Family Ct Act § 1039-b). After a hearing, the court determined that because respondent's parental rights to two of her other children—siblings of the child—had previously been involuntarily terminated in New Jersey, reasonable efforts by petitioner would not be required (*see* Family Ct Act § 1039-b [b] [6]). Notably, also, "[p]etitioner is not required to prove that it made reasonable efforts . . . when the ground for terminating parental

---

* In a separate petition, petitioner also sought termination of the parental rights of the father of the child who subsequently surrendered his parental rights in open court.

rights is mental illness" (*Matter of Harris AA.*, 285 AD2d 755, 757 [2001]).

We next reject respondent's contention that Family Court erred in denying her the opportunity during fact-finding to offer evidence with respect to her belated mental health evaluation. At the close of the fact-finding hearing, in August 2003—more than one year after the evaluation was initially ordered—respondent requested that the case be adjourned until her mental health evaluation was completed, a request Family Court justifiably denied. At the beginning of the December 2003 dispositional hearing, respondent requested that the fact-finding phase be reopened in order to admit the evaluation report and hear the testimony of the evaluating doctor. Family Court denied respondent's request, permitting and considering the report only as part of respondent's dispositional evidence.

Family Ct Act § 1048 (a) provides that Family Court "*may* adjourn a fact-finding hearing . . . for good cause shown" ([emphasis added]; *see Matter of Patrick S.*, 305 AD2d 1111, 1112 [2003]). Applying that standard here, we find that Family Court acted well within its broad authority in denying respondent's request for an adjournment, given the ample evidence in the record to support the court's conclusion that the unduly protracted delay in completing the evaluation was solely attributable to respondent's failure to cooperate.

Finally, upon our review of all of the evidence in this lengthy record, we find that petitioner established by clear and convincing evidence that respondent was, presently and for the foreseeable future, unable to provide proper and adequate care for the child by reason of mental illness, as defined in the Social Services Law (*see* Social Services Law § 384-b [3] [g]; [4] [c]; [6] [a]; *Matter of Jeran PP.*, 6 AD3d 994, 996-997 [2004]; *Matter of Joshua F.*, 291 AD2d 742, 743-744 [2002]; *Matter of Joseph ZZ.*, 245 AD2d 881, 884-885 [1997], *lv denied* 91 NY2d 810 [1998]). Moreover, the evidence of respondent's history of repeated incarceration, her mental illness and poor prognosis for recovery, her continuing failure to cooperate with probation, parole, recommended services and the ordered mental health evaluation, and her chaotic and unstable lifestyle, among other things, amply support Family Court's finding that termination of her parental rights and freeing the child for adoption were in the child's best interests.

We have reviewed respondent's remaining contentions and find they are without merit.

Mercure, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.