In the Matter of ANTHONY K. and Others, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE K., Appellant. [792 NYS2d 690]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered March 2, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill parent, and terminated respondent's parental rights.

Respondent is the parent of five children (born between 1992 and 2000), who were removed from the home in August 2002 and later found by Family Court to be neglected pursuant to Family Ct Act article 10. The children remained in petitioner's custody and, in September 2003, petitioner commenced this proceeding seeking to terminate respondent's parental rights alleging that, by reason of respondent's mental illness, she was unable to provide proper and adequate care at that time and would be unable to do so for the foreseeable future. Family Court ordered respondent to undergo a mental health evaluation by a court-appointed psychologist, Richard Liotta, who testified at the subsequent hearing held in February 2004. After considering and weighing the proof at that hearing, Family Court found that there was clear and convincing evidence establishing the material allegations of the petition. The petition was granted. Respondent appeals.

Respondent argues that petitioner failed to sustain its burden of proof at the hearing. Petitioner had the burden of establishing by clear and convincing evidence, first, respondent's mental illness (as defined in Social Services Law § 384-b [6]) and, next, that such illness rendered respondent presently and for the

foreseeable future unable to provide her children with adequate care (*see* Social Services Law § 384-b [3] [g]; [4] [c]; *Matter of Jeran PP.*, 6 AD3d 994, 996-997 [2004]; *Matter of Harris AA.*, 285 AD2d 755, 756 [2001]). Here, Liotta testified that, in his opinion, respondent suffered from a mental illness. This opinion was based upon, among other things, his interview of respondent, results of psychological tests and review of the mental health records of respondent. According to Liotta, respondent suffered from a variety of problems, including bipolar disorder (characterized by irritability, disorganization, racing thought processes and tangential thought processes), psychotic disorder (with symptoms of distorting reality and lack of contact with reality) and delusional thinking (with borderline narcissistic and antisocial features). He further opined that because of respondent's mental illness, which included her inability to recognize that she had problems or properly seek treatment therefor, she was unable to care for her children at that time or in the foreseeable future. While he acknowledged that with treatment she could function at a higher level, she had a history of approximately 18 years of mental health problems during which time she continually failed to follow through with medication and treatment. A "mere possibility" of improvement in the future does not require a reversal of Family Court's determination (*Matter of Jessica SS.*, 234 AD2d 865, 866 [1996] [internal quotation omitted]; *see Matter of Trebor UU.*, 295 AD2d 648, 650 [2002]). Family Court found Liotta's testimony to be credible, whereas it characterized respondent's testimony unreliable. We defer to Family Court's credibility determinations in such regard (*see Matter of Aishia O.*, 284 AD2d 581, 583 [2001]) and, upon review of the record, we are unpersuaded by respondent's argument that petitioner did not meet its burden of proof.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.