■ In the Matter of ROSEANNA X. and Others, Alleged to be the Children of a Mentally Ill Parent. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOYCE Z., Appellant. [802 NYS2d 793]—

Mercure, J.P. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered January 27, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be the children of a mentally ill parent and terminated respondent's parental rights.

Respondent is the mother of Roseanna (born in 1988), Theodore (born in 1992) and William (born in 1994). In a prior proceeding, Family Court found the children to be neglected and placed them in the care of petitioner in 2003. In August 2004, petitioner commenced this proceeding seeking termination of respondent's parental rights on the ground that respondent's mental illness renders her unable to adequately care for the children both presently and for the foreseeable future. Following a mental health evaluation of respondent and a hearing, Family Court granted petitioner's application. Respondent appeals, arguing that petitioner failed to establish that the severity of her mental illness placed the children in danger of becoming neglected. We disagree.

As relevant here, petitioner had the burden of proving by clear and convincing evidence that respondent is afflicted with a mental illness and, by reason of her mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for the children (see Social Services Law § 384-b [4] [c]; Matter of Anthony K., 17 AD3d 732, 732-733 [2005]; Matter of Jeran PP., 6 AD3d 994, 996 [2004]). Mental illness is defined as "an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in or returned to the custody of the parent, the child would be in danger of becoming a neglected child as defined in the [F]amily [C]ourt [A]ct" (Social Services Law § 384-b [6] [a]).

Here, Richard Liotta, the court-appointed psychologist (see Social Services Law § 384-b [6] [e]), testified that based on his interview of respondent, communication with the children's

caseworkers, results of various tests performed on respondent and a report completed by the Traumatic Brain Injury Center, it was his opinion that respondent has a cognitive disorder manifested in numerous neuropsychological deficits in memory, attention, planning skills, mental control and impulsivity. Liotta further testified that in addition to learning and reading disabilities, respondent suffers from a personality disorder that prevents her from acting in the children's best interests out of dependency on them and a fear of losing their love. Liotta opined that her cognitive and personality disorders were not likely to improve in the future and render her unable to care for her children. In our view, this testimony and supporting records provided clear and convincing evidence to support Family Court's determination (*see Matter of Anthony K., supra* at 733).

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.