■ In the Matter of ANNA V. and Others, Children Alleged to be Permanently Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ELSIE X., Appellant, et al., Respondent. (And Another Related Proceeding.) [804 NYS2d 469]—

Carpinello, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered May 2, 2005, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate the children of respondent Elsie X. to be permanently neglected, and terminated her parental rights.

Following a January 2005 hearing, the parental rights of respondent Elsie X. (hereinafter respondent) were terminated with respect to her four children who had been in petitioner's care and custody since May 2002 following neglect adjudications. All four children have special needs and require specialized services. Her parental rights were terminated on the grounds of mental illness and permanent neglect.* Contrary to respondent's contention, we are satisfied that Family Court's determination is supported by clear and convincing evidence (see Social Services Law § 384-b [3] [g]). Accordingly, we affirm.

Where, as here, a petitioning agency seeks to terminate parental rights on the ground of mental illness, such agency must demonstrate by clear and convincing evidence that a parent is presently, and for the foreseeable future, unable by reason of mental illness to provide proper and adequate care for his or her children by reason of same (see Social Services Law § 384-b [3] [g]; [4] [c]; [6] [a]; see also Matter of Roseanna X., 22 AD3d 993, 995 [2005]; Matter of Anthony K., 17 AD3d 732 [2005]; Matter of Trebor UU., 295 AD2d 648, 649 [2002]). Uncontradicted testimony was offered at the hearing from a psychologist who evaluated respondent. According to this expert, respondent functions in a "low-average range of ability" and suffers from a fairly significant and long-standing personality disorder as evidenced by her pervasive hostility and interpersonal relationship difficulties and gross mistrust and suspicion of others. According to this expert, respondent "has acquired a significant problem with impulse control, and reacts to the world in a very angry, hostile and resentful fashion."

This expert opined that if the children were returned to her, she would be unable to manage them given her history of impulse control problems, the repeated need for agency intervention in her family, her own limitations and her current living situation. He further opined that, while respondent "might be able to do the basic things asked of her" with respect

---

* The father of three of these children also had his parental rights terminated.

to parenting, she would be unable to manage the stressful situations which were bound to occur in raising four special needs children. Rather, according to the expert, when stressed, respondent will become angry and overwhelmed and be unable to manage her stress. Moreover, she is apt to do something impulsive. In his report, he specifically states that "nothing short of a miracle will enable [respondent] to manage the burden of these four children."

This expert relatedly testified that the children would be at risk of abuse if returned to respondent given her anger and hostility issues. In fact, his precise testimony at the hearing was that returning all four children to her "is a disaster waiting to happen." He further established that respondent's condition was not likely to improve in the foreseeable future. According to him, there is "very limited success [in] treating personality disorders."

Given this uncontradicted expert evidence, we are satisfied that Family Court properly determined that respondent suffers from a mental illness such that she is unable presently and for the foreseeable future to provide proper and adequate care for her children (*see* Social Services Law § 384-b [6] [a], [e]; *see Matter of Jeran PP.*, 6 AD3d 994, 997 [2004]; *Matter of Trebor UU., supra* at 650; *Matter of Joseph ZZ.*, 245 AD2d 881, 884 [1997], *lv denied* 91 NY2d 810 [1998]). We are also satisfied that the record supports Family Court's alternative finding of permanent neglect and that termination of respondent's parental rights and freeing the children for adoption were in the children's best interests.

Respondent's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, without costs.