■ In the Matter of AUGUST ZZ. and Others, Children Alleged to be Severely Abused, Abused and/or Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; Matthew ZZ., Appellant. (Proceeding No. 1.) In the Matter of ZAIUS ZZ., a Child Alleged to be Severely Abused. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW ZZ., Appellant. (Proceeding No. 2.) In the Matter of AUGUST ZZ. and Another, Alleged to be the Children of a Mentally Ill and/or Mentally Retarded Parent. CORTLAND

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MATTHEW ZZ., Appellant. (Proceeding No. 3.) [840 NYS2d 184]—

Mercure, J.P. Appeals (1) from three orders of the Family Court of Cortland County (Campbell, J.), entered September 15, 2005 and October 27, 2005, which, inter alia, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate respondent's children to be severely abused, abused and/or neglected, (2) from an order of said court, entered June 5, 2006, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to extend the placement of respondent's children, (3) from two orders of said court, entered June 8, 2006 and September 25, 2006, which granted petitioner's application, in proceeding No. 2 pursuant to Social Services Law § 384-b, to adjudicate Zaius ZZ. a severely abused child and terminated respondent's parental rights, and (4) from an order of said court, entered September 25, 2005, which granted petitioner's application, in proceeding No. 3 pursuant to Social Services Law § 384-b, to adjudicate August ZZ. and Alyson ZZ. to be the children of a mentally ill parent and terminated respondent's parental rights.

Respondent is the father of two daughters (born in 1998 and 2000) and a son (born in 2001). On March 24, 2005, respondent struck his son in the abdomen with such force that the child's small intestine was ruptured. As a result, air and fluid collected in his abdomen and he experienced pain and vomiting. The child's symptoms increased in severity for almost two days

before his mother finally brought him to the hospital, at which time he was in shock and near death. Following emergency surgery and hospitalization, his condition was stabilized and he has since improved.

On the basis of this incident—and with respondent's consent—all three children were removed on March 27, 2005 and, thereafter, petitioner commenced proceedings against respondent.\* Ultimately, Family Court determined that respondent had severely abused, abused and neglected his son, that respondent had derivatively abused and neglected his daughters and that his daughters were the children of a mentally ill parent. The Court terminated his rights to all three children, freeing them for adoption. Respondent appeals.

Respondent first contends that the trial judge—who, as County Judge, was also presiding over respondent's criminal proceeding arising from the same incident—abused her discretion in not recusing herself from presiding over this matter. Inasmuch as no recusal request was made during the proceedings before the judge, this issue is not preserved for our review (*see Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]).

Next, respondent argues that defective notice of petitioner's motion to dispense with the obligation to undertake reasonable efforts to reunite respondent with his son rendered Family Court's order void. We disagree. Fact finding on the petition alleging severe abuse was conducted during two hearings on August 8 and 12, 2005, and Family Court thereafter issued a decision and an amended decision determining that respondent had severely abused his son. Upon receipt of Family Court's original decision, petitioner immediately moved to dispense with the obligation to undertake reasonable efforts to reunite respondent with his son. Inasmuch as petitioner's motion was served on August 18, 2005 and returnable on August 22, 2005, the requisite notice of eight days was not provided (*see* CPLR 2214 [b]; Family Ct Act § 165). Nevertheless, any error in this regard is harmless. Consideration of the severe abuse petition during the fact-finding hearing "necessitated an inquiry into the appropriateness of diligent efforts and the extent to which they would be detrimental to the best interests of the child[ ]" (*Matter of Marino S.*, 100 NY2d 361, 373 n 5 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc.*, 540 US 1059 [2003]; *see* Social Services Law § 384-b [8] [a] [iv]; *Matter of Rebecca KK.*, 40 AD3d 1195, 1197 [2007]),

---

\* Petitioner also filed a petition against the mother, and her rights with respect to the three children were the subject of separate proceedings.

and respondent does not challenge the severe abuse determination. Thus, petitioner's motion was "superfluous" here (*Matter of Marino S., supra* at 373 n 5) and respondent can demonstrate no actual prejudice from the failure to give proper notice of that motion.

Turning to respondent's challenge to the termination of his parental rights on the ground that he is mentally ill, we note that he has been diagnosed with, among other things, schizophrenia, paranoid type, and he concedes that he suffers from mental illness. He argues, however, that clear and convincing evidence does not support Family Court's determination that his illness rendered him unable to care for his children "presently and for the foreseeable future" (Social Services Law § 384-b [4] [c]; *see* Social Services Law § 384-b [3] [g]). We disagree.

Petitioner offered the testimony of Anne Hunt, a psychologist, who opined that, due to his paranoia, problems with orientation to time, place and situation, and deficiencies in judgment, among other things, respondent lacked the capacity to care for himself or his children, and that such incapacity would persist for the foreseeable future. Hunt based her conclusion on a review of respondent's records and history, as well as her own testing and two personal examinations of him. Documentary evidence and the testimony of multiple caseworkers further corroborated her observations and ultimate conclusion. In addition, Family Court took judicial notice of its prior orders and findings concerning the children. While Joshua Jones, a psychiatrist who had examined and treated respondent regarding his competency to stand trial in the related criminal proceeding, did testify on behalf of respondent, such testimony was of limited probative value because Jones did not testify on the issues germane to the Family Court proceedings at issue on appeal, such as respondent's ability to care for himself and his children or to function in society. In light of the foregoing, and according deference to Family Court's factual determinations, clear and convincing evidence supports the court's termination of respondent's parental rights due to his mental illness (*see Matter of Michael WW.*, 29 AD3d 1105, 1106 [2006]; *Matter of Alexis X.*, 23 AD3d 945, 947 [2005], *lv denied* 6 NY3d 710 [2006]). Furthermore, evidence that respondent's condition had stabilized at the time of the relevant hearing due to medication and commitment to a facility does not, in light of his history of prior noncompliance with treatment attempts, commitments and pharmacological regimens, persuade us otherwise (*see Matter of Anthony K.*, 17 AD3d 732, 733 [2005]; *Matter of Harris AA.*, 285 AD2d 755, 756-757 [2001]).

Respondent's remaining arguments, including his claim that he was denied the effective assistance of counsel, have been considered and found to be lacking in merit.

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.