In the Matter of PETER B., a Child Alleged to be Abused. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER B., SR., Appellant. JOHN GEORGES et al., Nonparties Respondents. [899 NYS2d 632]—

In a proceeding pursuant to Family Court Act article 10 and Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Dutchess County (Amodeo, J.), entered January 12, 2009, which, after a

hearing, determined that he severely abused the subject child and transferred custody of the child to the maternal grandparents.

Ordered that the order is affirmed, without costs or disbursements.

The father was convicted of manslaughter in the first degree for killing the child's mother, and is serving an 18-year term of imprisonment. At the conclusion of the combined hearings to adjudicate the child severely abused and to terminate the father's parental rights, the petitioner made an oral motion pursuant to Family Court Act § 1039-b (a) to dispense with the requirement that it make reasonable efforts to reunite the child with the father, and the Family Court granted the motion. The father contends that the Family Court erred in granting the motion because it was not made in writing, and the requisite period of notice was not given. We disagree. In making its determination of severe abuse under both Social Services Law § 384-b and Family Court Act § 1039-b (a), the Family Court was required to consider the appropriateness of diligent reunification efforts, and the extent to which such efforts would be detrimental to the child. Since the Family Court had already considered the issue of diligent efforts in connection with its determination that the child had been severely abused, the petitioner's motion was merely "superfluous" (*Matter of Marino S.*, 100 NY2d 361, 373 n 5 [2003], *cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., Inc.*, 540 US 1059 [2003]; *see Matter of August ZZ.*, 42 AD3d 745, 747-748 [2007]).

The father's remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.