*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    518499
                                                     519397
_____

In the Matter of SUMMER SS.,
    Alleged to be the Child
    of a Mentally Ill Parent.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

THOMAS SS.,
                        Appellant.

(And Another Related Proceeding.)
_____          MEMORANDUM AND ORDER

In the Matter of SUMMER SS.,
    Alleged to be the Child of
    a Mentally Ill Parent.

CLINTON COUNTY DEPARTMENT OF
    SOCIAL SERVICES,
                        Respondent;

CAROLINE SS.,
                        Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____


        Jessica C. Eggleston, Johnson City, for Thomas SS.,
appellant.

        Cheryl Maxwell, Plattsburgh, for Caroline SS., appellant.

Thomas H. Webb III, Clinton County Department of Social Services, Plattsburgh, for respondent.

Kathleen R. Insley, Plattsburgh, attorney for the child.

_____

Lynch, J.

Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered January 22, 2014, which, in two proceedings pursuant to Family Ct Act articles 10 and 10-a, changed the permanency goal for the subject child to placement for adoption, and (2) from two orders of said court, entered July 2, 2014, which granted petitioner's applications, in two proceedings pursuant to Social Services Law § 384-b, to adjudicate Summer SS. to be the child of mentally ill parents, and terminated respondents' parental rights.

Respondent Thomas SS. (hereinafter the father) and respondent Caroline SS. (hereinafter the mother) are the parents of a child born in March 2013. Within days following the child's birth, petitioner filed two neglect petitions pursuant to Family Ct Act article 10 on the ground that the parents' histories of mental illness and behavior issues put the child in imminent risk of harm. Consequently, the child has been in petitioner's continuous custody since March 8, 2013. Following a permanency hearing, Family Court issued an order in January 2014 determining that the permanency goal should be changed to adoption in both article 10 proceedings and denying both parents visitation. In March 2014, petitioner commenced termination proceedings. Following a hearing on the petitions, Family Court granted both applications and terminated the parents' parental rights. The parents now appeal from the January 2014 permanency order and the orders terminating their parental rights.

"To support a termination of parental rights on the ground[] of mental illness . . ., the petitioning agency must show, by clear and convincing evidence, that the parent is

presently, and will continue for the foreseeable future to be, unable to provide proper and adequate care of the child by reason of the parent's mental illness" (Matter of Logan Q. [Michael R.], 119 AD3d 1010, 1010 [2014] [internal quotation marks, brackets and citations omitted]; see Social Services Law § 384-b [3] [g] [i] [4] [c]; Matter of Burton C. [Marcy C.], 91 AD3d 1038, 1039 [2012]).  In order to meet this burden, the petitioner's proof must include "testimony from appropriate medical witnesses particularizing how the parent's mental illness affects his or her present and future ability to care for the child" (Matter of Logan Q. [Michael R.], 119 AD3d at 1010-1011 [internal quotation marks and citations omitted]).  "Under the professional reliability exception to the hearsay rule, an expert may 'provide opinion evidence based on otherwise inadmissable hearsay, provided it is demonstrated to be the type of material commonly relied on in the profession'" (Matter of Kaitlyn X. [Arthur X.], 122 AD3d 1170, 1171 [2014], quoting Hinlicky v Dreyfuss, 6 NY3d 636, 648 [2006]; see Matter of Anthony WW. [Michael WW.], 86 AD3d 654, 657 [2011], lv denied 17 NY3d 897 [2011]).

Here, petitioner presented the report and testimony of Richard Liotta, a licensed psychologist.  Liotta testified, without contradiction, that both the mother and the father failed to attend the scheduled court-ordered evaluation.  Accordingly, he explained that he was able to form his opinions based not only on the evaluations he completed in 2013 during a proceeding involving the mother and father's older child (see Matter of Angel SS. [Caroline SS.], 129 AD3d 1119, 1120-1121 [2015]), but also upon consideration of records generated by collateral sources, such as prior mental health providers and caseworkers. Liotta testified that the father suffers from antisocial personality disorder, intermittent explosive disorder, unspecified bipolar and related disorder, attention deficit/hyperactivity disorder, substance abuse disorder and borderline intellectual functioning.  As for the mother, Liotta opined that she suffered from borderline personality disorder with dependent features, unspecified bipolar and related disorder, unspecified anxiety disorder, and unspecified disruptive impulse control and conduct disorder, and she had specific learning disabilities in reading and written expression.

When asked about the father's ability to parent, Liotta testified that he was most concerned about his antisocial personality disorder because of its effect on his "judgement, lack of morality, impulse control . . . and anger issues." Further, Liotta characterized the disorder as "longstanding . . . and part of someone's fundamental personality [that] tends to be extremely resistant to treatment." As for the mother, Liotta testified that her borderline personality disorder affects her judgment and ability to be consistent and that it caused her to be impulsive and to prioritize her own needs above the child's. According to Liotta, it is possible to treat this condition and medication can be helpful, but the mother had not followed through with either treatment or medication. Liotta testified that, based on his review of the records and notwithstanding their intervening marriage, neither parent had shown any real improvement or change since he evaluated them in 2013. He cited as one example their decision to leave shortly after the birth of the child to work in a traveling carnival for two months. In sum, Liotta testified, with specific reference to the materials provided and his own observations and conclusions drawn in 2013, that both the mother and the father were afflicted with a mental illness or condition that rendered them unable to provide proper and adequate care of the child for the foreseeable future.

We reject the arguments that Liotta's opinion was unfair and that it should have been based on a more current evaluation. Once the parents chose not to attend the evaluation, Liotta was entitled to rely on the available records to reach his conclusion (see Social Services Law § 384-b [6] [e]; Matter of Majerae T. [Crystal T.], 74 AD3d 1784, 1786 [2010]; Matter of Jeran PP., 6 AD3d 994, 996 [2004]). Further, Liotta's testimony as to the longstanding nature of the father's condition, as well the parents' refusal to seek and complete treatment, was not contradicted by any expert testimony. We thus discern no basis to conclude that Liotta's 2013 evaluation was unreliable (see Matter of Jeran PP., 6 AD3d at 996). According deference to Family Court's factual findings and credibility determinations, and with the absence of any contrary expert evidence, we find clear and convincing evidence in this record that, because of their mental illness, neither the mother nor the father is able

to provide proper care for the child now or in the foreseeable future (see Matter of Joyce T., 65 NY2d 39, 46 [1985]; Matter of Kaitlyn X. [Arthur X.], 122 AD3d at 1171; Matter of Corey UU. [Donna UU.], 85 AD3d 1255, 1258 [2011], lv denied 17 NY3d 708 [2011]; Matter of Donald W., 17 AD3d 728, 729 [2005], lv denied 5 NY3d 705 [2005]; Matter of Jeran PP., 6 AD3d at 996).

Finally, because the parents' parental rights have been terminated, the appeal from the permanency order is moot (see Matter of Kaitlyn X. [Arthur X.], 122 AD3d 1170, 1171 n 2 [2014]; Matter of Jacelyn TT. [Carlton TT.], 91 AD3d 1059, 1061 [2012]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the appeal from the order entered January 22, 2014 is dismissed, as moot, without costs.

ORDERED that the orders entered July 2, 2014 are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court